**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE,
EASTERN DIVISION**

| | | |
|---|---|---|
| **OBBY RUSSELL PICKARD,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No. 1:11-cv-01151 |
| | ) | |
| | ) | |
| **WERNER LADDER CO.,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

On referral is Plaintiff's motion to dismiss without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) [D.E. 18]. Defendant, Werner Co., has responded in opposition to the motion, requesting that the case be dismissed *with* prejudice [D.E. 20]. The Magistrate Judge respectfully recommends that this Motion be granted.

## STATEMENT OF RELEVANT FACTS

This is a products liability lawsuit arising from an accident on April 3, 2010. Plaintiff originally filed suit in the Madison County Circuit Court and Defendant removed it to this Court. There was a related worker's compensation claim as well, which was settled and approved by the Tennessee Department of Labor on May 15, 2012.

During the course of this lawsuit, the parties agreed to extend the Rule 16(b) Scheduling Order on two occasions, once jointly [D.E. 10] and once at Plaintiff's request "largely because there is an underlying worker's compensation claim which requires resolution prior to deadline

dates for fact and expert discovery in the instant action." [D.E. 13]. Some discovery of the Plaintiff, including interrogatories and his deposition, has now occurred.

Plaintiff had retained an expert "shortly after filing suit," but the expert withdrew and the Plaintiff has been unable to locate another expert. Defendant has now filed a motion for summary judgment and the basis of this motion continues to be that Plaintiff no longer has an expert witness. The District Court issued a show cause order on July 25, 2012 as to why Plaintiff had not responded to that motion. Thereafter, Plaintiff filed this motion to dismiss without prejudice. On August 14, 2012 the Magistrate Judge entered an order granting the Motion, but, having jurisdictional concerns, the Court has withdrawn that Order and issues its findings as a Report and Recommendation to the District Judge.

## **ANALYSIS**

Plaintiff seeks to dismiss his case without prejudice so as to have additional time to find a replacement expert witness. The parties agree that "[w]hether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co*., 33 F.3d 716, 718 (6th Cir. 1994). The purpose of Rule 41(a)(2) is to protect the non-movant…from unfair treatment. *Jones v. W. Reserve Transit Auth*., 455 Fed. Appx 640, 643 (6th Cir. 2012).

In determining whether a voluntary dismissal without prejudice is appropriate, the Court must consider whether the nonmoving party will suffer "plain legal prejudice." *Id* . In doing so, the Court must analyze four factors: (1) the amount of time, effort and expense Defendant has incurred in trial preparation; (2) any excessive delay or lack of diligence on Plaintiff's part in prosecuting the action; (3) the sufficiency of the explanation of the need to take a voluntary

dismissal without prejudice; and (4) whether Defendant has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Vanderpool v. Edmonson*, 2003 WL 23721333, *1 (E.D. Tenn. Dec. 2, 2003) (citing *Grover*); *Rast v. City of Pigeon* Forge, 2011 WL884041, *2-4 (E.D. Tenn. Mar. 11, 2111) (analyzing the *Grover* factors).

The Court now considers these four factors *seriatim*:

(1) In an effort to save expenses, the Defendant has not retained their own expert yet and otherwise has had limited expenditures in removing the case, filing an answer, taking limited discovery and filing a dispositive motion. Of the 21 Court docket entries, fewer than a dozen relate to work done by the attorneys.

(2) There has been delay in the prosecution of this claim, but a year of that can be attributable to some extent in awaiting the resolution of the worker's compensation matter. It was concluded in May of 2012, a year after the removal of this case to federal court.

(3) The explanation of the necessity for dismissal without prejudice appears simply to be that Plaintiff cannot find a replacement expert witness and needs more time.

(4) Defendant has filed a motion for summary judgment, but this motion hinges solely on the lack of an expert witness.

Based upon the above and on close balance, this Court recommends a finding that Plaintiff is entitled to the relief requested and thus recommends that the case be dismissed without prejudice to re-file, pursuant to Rule 41(a)(2) . The Magistrate Judge further recommends that the requisite to any such re-filing of this lawsuit by Plaintiff is the requirement

that this suit must be re-filed in the Western District of Tennessee, Eastern Division and that the parties may use any and all discovery available from this present lawsuit. Finally, the Magistrate Judge recommends that Plaintiff be ordered to reimburse Defendant for the costs of removing this lawsuit to federal court and for the expense of the court reporter and any transcription of Plaintiff's deposition.

    Respectfully Submitted,

    **s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date: **October 1, 2012**